IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROCKEY DEAN RASH**,

        Petitioner,

    v.                                  CASE NO. 19-3060-SAC

**STATE OF KANSAS**,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se.

The Court has conducted a preliminary review of this matter under the Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § foll. § 2254, and finds this matter is a successive application for habeas corpus relief.

### Background

In 2004, petitioner entered a no contest plea to charges in the District Court of Atchison County, Kansas. He was sentenced in November 2004.

In September 2007, petitioner filed a motion to withdraw the plea. The district court denied the motion in August 2008. The Kansas Court of Appeals affirmed the denial of the motion but remanded the matter for an order amending petitioner's term of postrelease supervision to 36 months. *State v. Rash*, 220 P.3d 1114 (Table), 2009 WL 5206243 (Kan. Ct. App. Dec. 31, 2009), *rev. denied*, 290 Kan. 1102 (Jun. 23, 2010).

On March 31, 2011, petitioner filed a post-conviction motion under K.S.A. 60-1507. The district court appointed counsel but

summarily denied the motion, finding that it was successive to the motion to withdraw the plea. The Kansas Court of Appeals affirmed. *Rash v. State*, 281 P.3d 598 (Table), 2012 WL 3136777 (Kan. Ct. App. Jul. 27, 2012), *rev. denied*, Aug. 19, 2013.

On October 15, 2013, petitioner filed a federal petition for habeas corpus under 28 U.S.C. § 2254, *Rash v. State of Kansas*, Case No. 13-3183-SAC. This Court dismissed that matter on December 4, 2013, due to petitioner's failure to commence the action within the one-year limitation period.

On October 1, 2014, petitioner filed a motion to set aside a void judgment. The state district court denied the motion in January 2015, and petitioner then filed a motion to alter or amend the judgment. The district court denied that motion. The Kansas Court of Appeals affirmed the district court. *State v. Rash*, 392 P.3d 569 (Table), 2017 WL 1296066 (Kan. Ct. App. Apr. 7, 2017), *rev. denied*, Apr. 30, 2018.

Petitioner filed the present case on April 4, 2019.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under 28 U.S.C. § 2244(b), enacted as part of the AEDPA, the filing of a second or successive petition under §2254 is limited. "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir. 2013)(quoting 28 U.S.C. §2244(b)(3)(A)). Petitioner does not contend that he has obtained prior authorization to bring this action.

Where, as here, a petitioner files a second or successive petition under § 2254 without the prior authorization required by

statute, the district court may transfer the matter to the Court of Appeals, if it finds it is in the interest of justice to transfer under 28 U.S.C. § 1631, or it may dismiss the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The Court concludes that this matter should be dismissed for lack of jurisdiction. Petitioner's first action under § 2254 was filed in 2013 and was dismissed as time-barred. The present action, if authorized, also would be subject to dismissal on that ground unless petitioner can show that he is entitled to equitable tolling. There is no apparent basis for such an argument.

Accordingly, the Court will dismiss this matter for lack of jurisdiction. Petitioner must seek prior authorization from the U.S. Court of Appeals for the Tenth Circuit to proceed in this action.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 5th day of April, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge